**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOE BURR,

        Petitioner-Appellant,

v.

CAMILO ROMERO, Warden,
Roswell Correctional Center;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents-Appellees.

No. 00-2365
(D.C. No. CIV-98-329-BB)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Joe Burr appeals the decision of the district court denying his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. The district court did not act on petitioner's application for a certificate of appealability (COA), so that application is deemed denied. *See* General Order of October 1, 1996. Petitioner's notice of appeal is treated as a renewed application for COA, Fed. R. App. P. 22(b)(2), and is denied.

Petitioner was convicted in a state court jury trial of burglary of a vehicle, conspiracy to commit burglary, possession of burglary tools, and larceny under $250. In addition to the sentences stemming from the burglary, petitioner was also sentenced to three years' incarceration as a habitual offender. Petitioner's conviction was upheld on direct appeal, where the New Mexico Court of Appeals rejected a challenge to the sufficiency of the evidence. The petition for writ of certiorari to the New Mexico Supreme Court was denied.

In a state post-conviction proceeding, petitioner again raised the sufficiency of the evidence claim and further argued that he had received ineffective assistance of counsel. Petitioner's state habeas corpus petition was also denied.

Petitioner then sought habeas relief for these exhausted state claims in the federal district court. Petitioner's case was referred to a magistrate judge who concluded that the evidence clearly supported petitioner's conviction and that petitioner had failed to demonstrate that he had been prejudiced by the

performance of his counsel. After de novo review, the district court adopted the report and recommendation of the magistrate judge and denied the petition. This appeal followed.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner will not be entitled to habeas relief unless the state court's adjudication of the merits of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000).

Petitioner challenges the sufficiency of the evidence relied upon to convict him, characterizing the chief prosecution witness's testimony as self-serving, lacking in credibility, inconsistent, and inaccurate. As noted above, the New Mexico Court of Appeals rejected this claim on direct appeal.

-3-

We have listened to the tape recordings of petitioner's trial and do not find the holding of the New Mexico court to be "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(2). The prosecution's chief witness was present at the time of the burglary. He testified that, upon spotting some county road equipment parked for the night along a rural road, petitioner asked the third member of the group whether he needed a battery for his car. The witness testified that he later saw petitioner carry a large battery from a county road roller to the trunk of the car the three were driving. The witness also tied petitioner to other items of stolen property.

With regard to the claim of ineffective assistance of counsel, petitioner argues mainly that counsel was deficient for failing to adequately investigate the background of the prosecution's main witness. Facts about the witness's alcoholism, however, and the fact that he had been drinking the night of the burglary were clearly brought before the jury. Petitioner quotes selectively from the defense's opening statement when he complains that counsel bolstered the main witness by telling the jury that the witness would be very believable. Counsel went on, however, to urge the jury not to believe the witness, because the inconsistencies in his story "would not check out."

Petitioner identifies other aspects of his counsel's performance which he argues combined to deprive him of a meaningful defense. We agree with the district court, however, that petitioner has failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

The statute governing the issuance of a COA "establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." *Slack v. McDaniel*, 529 U.S. 473, 482 (2000). No COA will be forthcoming unless "'the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* at 481 (quoting 28 U.S.C. § 2253(c)(2)). Because the district court rejected petitioner's claims on the merits, petitioner must now "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Petitioner has failed to make the required showing for a COA. We therefore deny petitioner's application for COA. This appeal is DISMISSED.

Entered for the Court

Stephen H. Anderson
Circuit Judge